## Little v. Owensboro Savings Bank & Trust Co.'s Receiver, et al.

(Decided October 31, 1912.)

### Appeal from Daviess Circuit Court.

Corporations—Purchaser of Stock—Dividends—Fraud.—A purchaser of stock in a corporation who draws the dividends on his stock for two years cannot have his stock subscription rescinded for fraud of the corporation as to its creditors inducing the subscription although he lived in England and in fact knew nothing of the insolvency of the corporation before it failed.

LITTLE & SLACK for appellant.

R. A. MILLER, R. S. TODD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

On January 10, 1906, L. Freeman Little purchased of the Owensboro Savings Bank & Trust Co., eleven shares of its stock for $1,650.00. He was then living in London, England, and had been living there for about two years. He continued to live there and drew the dividends on his stock, five per cent semi-annually, from that time until January 1, 1908. On April 25, 1908, T. A. Pedley was appointed receiver for the bank, it being insolvent, and brought an action for the settlement of his accounts. Little's account with the bank was overdrawn $1,408.74; Pedley as receiver instituted this action against him to recover this sum; also the $220.00 which he had received as dividends on his stock, the bank having been insolvent when all these dividends were declared. Little filed an swer in which he pleaded in substance that a fraud had been perpetrated upon him in the sale of the stock by the bank; that he was in London and knew nothing about the condition of the bank and that the bank sent him a statement showing that it was in a flourishing condition and represented to him that such was its condition when it was in fact insolvent as it very well knew and by this fraud induced him to make the purchase. He made his answer a counterclaim praying a rescission of the stock subscription and for judgment for the amount which he

had paid, to be set off against the plaintiff's claim against him. The circuit court sustained a demurrer to the answer and rendered judgment against Little for the amount sued for by the plaintiff. He appeals.

In Reid v. Owensboro Savings Bank & Trust Co., 141 Ky., 444, we held that a stockholder who had bought stock in the bank and received the dividends declared upon the stock for two years could not, after the bank had become insolvent and proceedings had been instituted to wind up its affairs, maintain an action for a rescission of his stock subscription and the recovery of what he had paid. In that case the petitions of the stockholders were dismissed. Their stock was purchased at the same time as Little's. He has received the same dividends that they received. There has been the same laches in his case as in theirs except that he lived in London while they lived in Owensboro, but we do not deem that fact important. While it might have been inconvenient for him to come to Owensboro to look after his business he could have had some agent there for that purpose. Stockholders cannot be permitted for a long time to enjoy the dividends on their stock, take no steps to ascertain the true condition of the corporation in which they are stockholders until after it becomes insolvent and then for the first time ascertain what the condition of the company was and insist that their stock subscriptions shall be canceled because when they bought the stock the company was insolvent and held itself out to them as being in a fine condition. The creditors of the company have a right to demand of stockholders more diligence in the conduct of their business and stockholders who have been thus remiss cannot set up their claims against the creditors of the corporation. To sustain the counterclaim asserted here would be to put a premium on inattention by stockholders. Stockholders who live at a distance are no less within the rule than those who are living in the vicinity where the corporation does business.

Judgment affirmed.